UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

PHAYSANH KHAKEO, )
    Plaintiff, )
)
v. )
) Civil Action No.
DENNIS MORIARTY and )
KEVIN SULLIVAN, in their ) MAGISTRATE JUDGE _____
individual capacities, and )
the CITY OF LOWELL, )
    Defendants. )
)

RECEIPT # _____
AMOUNT $150
SUMMONS ISSUED ___
LOCAL RULE 4.1 ___
WAIVER FORM ___
MCF ISSUED ___
BY DPTY. CLK. ___
DATE ___

## COMPLAINT

### INTRODUCTION

1. This is an action for money damages brought against Lowell police officer Dennis Moriarty, Lieutenant Kevin Sullivan and the City of Lowell, for violations of the plaintiff's constitutional rights, along with state tort claims.

### JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §§1983 and 1988, and the First, Fourth, and Fourteenth Amendments to the United States Constitution. Title 28 U.S.C. §§1331 and 1343 provide federal-question jurisdiction, and 28 U.S.C. §1367 provides supplemental jurisdiction over the state law claims.

### PARTIES

3. Plaintiff Phaysanh Khakeo was at all times material to this complaint a resident of the Commonwealth of Massachusetts. On Sunday, September 9, 2001, Phaysanh Khakeo was a 38-year-old businessman and owner of Lowell Real Estate.

4. Defendant Dennis Moriarty was at all times material to this complaint a duly appointed police officer in the Gang Unit of the Lowell Police Department. His actions alleged in this complaint were taken under color of the laws of the Commonwealth of Massachusetts and the City of Lowell. He is sued in his individual capacity.

5. Defendant Kevin Sullivan was at all times material to this complaint a duly appointed police lieutenant in the Gang Unit of the Lowell Police Department and a supervisory officer to defendant Moriarty. His actions alleged in this complaint were taken under color of the laws of the Commonwealth of Massachusetts and the City of Lowell. He is sued in his individual and supervisory capacities.

6. Defendant City of Lowell is a municipal corporation located in Middlesex County, Commonwealth of Massachusetts, and was at all times relevant to the allegations of this Complaint, the public employer of defendants Moriarty and Sullivan.

## FACTS

7. On Sunday, September 9, 2001, Phaysanh Khakeo had a family barbeque at his home on Chelmsford Street in Lowell. People started arriving at about noon. His brothers and their wives attended, bringing children ages seven, eight, nine, and twelve. They roasted lamb, drank beer, and watched a Patriots' game.

8. Mr. Khakeo spent part of the day working in his real estate office, which was located on the first floor beneath his residence. By early evening, he had completed his work and joined the barbeque outside.

9. At around 7:00 p.m., Lowell police officer Dennis Moriarty and Lt. Kevin Sullivan were responding to reports of a gang fight at the bottom of Grand Street, approximately 150 yards away from the Khakeo residence.

10. However, defendants Moriarty and Sullivan stopped at Mr. Khakeo's residence instead.

11. Mr. Khakeo and his guests, including several young children, were outside enjoying the family barbeque.

12. Officer Moriarty told Mr. Khakeo and his guests that there was a gang fight up the street and that he and Lt. Sullivan wanted to check them out.

13. The officers ordered all of the men to line up against the wall.

14. As Mr. Khakeo complied with the order and placed his hands against the wall, he asked Officer Moriarty, "What is your name, Mr. Police Officer?"

15. Moriarty rushed over and told Mr. Khakeo his name. He then yelled at Mr. Khakeo, "What is *your* fucking name?"

16. Mr. Khakeo shouted his name back at Officer Moriarty.

17. Officer Moriarty hit Mr. Khakeo in the stomach with his police flashlight. Then Officer Moriarty hit Mr. Khakeo in the head with his flashlight.

18. After the blow to his head, Mr. Khakeo fell to the ground.

19. Officer Moriarty continued to strike Mr. Khakeo in the back of the head while he was on the ground.

20. Officer Moriarty arrested Mr. Khakeo.

21. Although he was in a position to do so, at no point did Lt. Sullivan intervene to protect Mr. Khakeo from Officer Moriarty's use of unreasonable force.

22. Mr. Khakeo was not a threat to anyone, nor was he disorderly. He had not committed any criminal offense. There was no legal basis for Officer Moriarty to use force on Mr. Khakeo.

23. The defendant officers had no warrant for the arrest of Mr. Khakeo, no probable cause for his arrest and no legal cause or excuse to seize him.

24. Mr. Khakeo was charged with assault and battery on a police officer, resisting arrest and disorderly conduct. Mr. Khakeo was found to be not guilty on all of the charges.

25. As a direct and proximate result of the acts of the defendant officers, Mr. Khakeo suffered the following injuries and damages:

   (a) Mr. Khakeo endured physical pain and suffering. Officer Moriarty's assault left Mr. Khakeo with a cut to his face that required stitches to close and scrapes to the back of his head and to his chest.

   (b) Mr. Khakeo endured emotional pain and suffering. He felt ashamed at having been beaten by a police officer in his own yard, in front of his family and friends. He continued to suffer from embarrassment, as well as anxiety, due to the criminal prosecution against him. As a result of the incident, Mr. Khakeo no longer felt safe living in Lowell, leading him to move his family and his business out-of-state. Mr. Khakeo remains upset about the incident.

   (c) Mr. Khakeo incurred legal expenses in defending himself against the baseless criminal charges.

26. The actions of the defendant officers violated the following clearly established and well-settled federal constitutional rights of Phaysanh Khakeo:

   (a) Freedom from the use of excessive, unreasonable and unjustified force against his person;

   (b) Freedom from the unreasonable seizure of his person; and

   (c) Freedom from unlawful retaliation on the basis of his exercise of his right to free expression.

## FEDERAL CAUSES OF ACTION

**COUNT ONE:** **42 U.S.C. § 1983 Claim Against Defendants Moriarty and Sullivan for the Unreasonable Use of Force**

27. The above paragraphs are incorporated by reference.

28. Defendant Moriarty used unreasonable force on plaintiff.

29. Defendant Sullivan failed to intervene to prevent defendant Moriarty's unreasonable use of force.

30. By the actions described above, defendants Moriarty and Sullivan deprived the plaintiff of the clearly established and well-settled right to be free from the unreasonable use of force.

31. The defendants' actions were taken with reckless disregard for plaintiff's constitutional rights.

32. As a direct and proximate result, the plaintiff suffered the injuries as described above.

## COUNT TWO: 42 U.S.C. § 1983 Claim Against Defendant Moriarty for Unlawful Arrest

33. The above paragraphs are incorporated by reference.

34. Defendant Moriarty did not have probable cause to arrest plaintiff.

35. By the actions described above, defendant Moriarty deprived the plaintiff of the clearly established and well-settled right to be free from unreasonable seizures.

36. Defendant Moriarty's actions were taken with reckless disregard for plaintiff's constitutional rights.

37. As a direct and proximate result, the plaintiff suffered the injuries as described above.

## COUNT THREE: 42 U.S.C. § 1983 Claim Against Defendant Moriarty for Retaliation in Violation of the First Amendment

38. The above paragraphs are incorporated by reference.

39. Defendant Moriarty assaulted and arrested Mr. Khakeo in retaliation for Mr. Khakeo's exercise of his First Amendment right to free speech in asking for officer Moriarty's name.

40. By the actions described above, defendant Moriarty deprived the plaintiff of the clearly established and well-settled right to freedom of expression.

41. Defendant Moriarty's actions were taken with reckless disregard for plaintiff's constitutional rights.

42. As a direct and proximate result, the plaintiff suffered the injuries as described above.

## COUNT FOUR: 42 U.S.C. § 1983 Supervisory Liability Against Defendant Sullivan

43. The above paragraphs are incorporated by reference.

44. Defendant Sullivan failed to adequately supervise defendant Moriarty. In doing so, he tacitly acquiesced in, condoned or encouraged the unconstitutional misconduct of Moriarty, including the unreasonable use of force, unlawful arrest and First Amendment retaliation.

45. Defendant Sullivan's failure to adequately supervise defendant Moriarty amounted to deliberate indifference to plaintiff's constitutional rights.

46. As a direct and proximate result, the plaintiff suffered the injuries as described above.

## COUNT FIVE: 42 U.S.C. § 1983 *Monell* Claim Against the City of Lowell

47. The above paragraphs are incorporated by reference.

48. Prior to September 9, 2001, the City of Lowell developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of persons in Lowell, which caused the violation of Mr. Khakeo's constitutional rights.

49. It was the policy and/or custom of the City of Lowell to inadequately and improperly investigate citizens' complaints of police misconduct, and instead, acts of misconduct were tolerated by the City of Lowell.

50. Between 1995 and 2000, citizens filed about 75 complaints against members of the Department. Only two or three of these were substantiated. This

percentage evinces the department's practice of looking the other way when officers violated the rights of citizens like Mr. Khakeo.

51. It was the policy and/or custom of the City of Lowell to inadequately supervise its officers, including defendant Moriarty and Sullivan, thereby failing to adequately discourage further constitutional violations on the part of its police officers.

52. As a result of the above described policies and/or customs, police officers in the City of Lowell, including defendants Moriarty and Sullivan, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

53. The above described policies and/or customs demonstrated a deliberate indifference on the part of policymakers of the City of Lowell to the constitutional rights of persons within the City, and were the cause of the violations of plaintiff's rights alleged herein.

## STATE LAW CAUSES OF ACTION

**COUNT SIX:** **Massachusetts Civil Rights Act, M.G.L. C.12, §11I, Against Defendants Moriarty and Sullivan**

54. The above paragraphs are incorporated by reference.

55. Defendants Moriarty and Sullivan violated the plaintiff's rights by threats, intimidation and coercion.

56. As a direct and proximate result, the plaintiff suffered the injuries as described above.

## COUNT SEVEN: Tort of Assault & Battery Against Defendant Moriarty

57. The above paragraphs are incorporated by reference.

58. Defendant Moriarty committed the common law tort of assault and battery against the plaintiff.

59. As a direct and proximate result, the plaintiff suffered the injuries as described above.

## COUNT EIGHT: False Imprisonment

60. The above paragraphs are incorporated by reference.

61. The arrest and subsequent confinement of the plaintiff was without probable cause.

62. As a direct and proximate result the plaintiff received the injuries as described above.

## COUNT NINE: Malicious Prosecution

63. Defendants Moriarty and Sullivan instituted criminal proceedings against plaintiff without probable cause and with malice as that term is defined in Massachusetts tort law.

64. The criminal proceeding terminated in the plaintiff's favor.

65. As a direct and proximate result of this unlawful conduct, the plaintiff suffered the injuries as described above.

## COUNT TEN: Negligence against the City of Lowell

66. The above paragraphs are incorporated by reference.

67. On September 4, 2003, a notice pursuant to M.G.L. c.258, §4 was forwarded to the Mayor of the City of Lowell.

68. Plaintiff properly performed the conditions precedent to filing an action under M.G.L. 258.

69. The City of Lowell failed to make a settlement offer in response to plaintiff's demand.

70. Defendants Moriarty and Sullivan were acting within the scope of their employment at all times alleged in this complaint.

71. Defendants Moriarty and/or Sullivan were negligent in:

   (a) failing to respond properly after being dispatched to investigate a gang fight on Grand Street;

   (b) confronting the wrong people in response to the report;

   (c) using a police flashlight as a weapon;

   (d) striking plaintiff in the head despite training to avoid blows to the head; and

   (e) failing to protect Mr. Khakeo from the unreasonable use of force by defendant Moriarty.

72. Employees of the City of Lowell were negligent in:

   (a) failing to properly train defendants Moriarty and Sullivan in responding to reports of disturbances, the use of force, and probable cause for arrests;

   (b) failing to properly supervise Lowell police officers including defendants Moriarty and Sullivan; and

   (c) failing to properly discipline Lowell police officers including defendants Moriarty and Sullivan thereby permitting and encouraging acts of misconduct against civilians.

73. As a proximate cause of the negligence, the plaintiff suffered damages as described above.

**WHEREFORE**, the plaintiff requests that this Honorable Court:

1. Award compensatory damages;

2. Award punitive damages against defendants Moriarty and Sullivan;

3. Award the costs of this action, including reasonable attorney's fees; and

4. Award such other and further relief as this Court may deem necessary and appropriate.

## JURY DEMAND

A jury trial is hereby demanded.

RESPECTFULLY SUBMITTED,

*/s/ Howard Friedman*

Howard Friedman,
BBO# 180080
Myong J. Joun
BBO# 645099
J. Lizette Richards
BBO# 649413
**Law Offices of Howard Friedman, P.C.**
90 Canal Street, Fifth Floor
Boston, MA 02114-2022
(617) 742-4100

Date: 7/3/04

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __Phaysanh Khakeo v. Dennis Moriarty et al.__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   ☐ I. 160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ☑ II. 195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,    *Also complete AO 120 or AO 121
          740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.     for patent, trademark or copyright cases

   ☐ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
          315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
          380, 385, 450, 891.

   ☐ IV. 220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
         690, 810, 861-865, 870, 871, 875, 900.

   ☐ V. 150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   NONE

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

   YES ☐  NO ☑

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)

   YES ☐  NO ☑

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

   YES ☐  NO ☑

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

   YES ☐  NO ☑

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

   YES ☑  NO ☐

   A. If yes, in which division do all of the non-governmental parties reside?

      Eastern Division ☑    Central Division ☐    Western Division ☐

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

      Eastern Division ☐    Central Division ☐    Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

   YES ☐  NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME  Howard Friedman, Myong J. Joun, and J. Lizette Richards
ADDRESS  90 Canal Street, 5th Floor; Boston, MA 02114-2022
TELEPHONE NO.  (617) 742-4100

(Coversheetlocal.wpd - 10/17/02)

JS 44 (Rev. 3/99)                                    **CIVIL COVER SHEET**

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS
Phaysanh Khakeo

### DEFENDANTS
Dennis Moriarty, Kevin Sullivan, and City of Lowell

(b) County of Residence of First Listed Plaintiff: **Arkansas**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed: **Middlesex**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Howard Friedman, Myong J. Joun, and J. Lizette Richards
Law Offices of Howard Friedman, P.C.
90 Canal Street, 5th Floor, Boston, MA 02114  (617) 742-4100

Attorneys (If Known)

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|   | PTF | DEF |   | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. ☐ 660 Occupational | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / Habeas Corpus: ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☒ 440 Other Civil Rights / ☐ 540 Mandamus & Other ☐ 550 Civil Rights ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | | | |

### V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
This action is brought pursuant to 42 U.S.C. §§1983 and 1988, and the First, Fourth and Fourteenth Amendments to the United States Constitution.

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION DEMAND UNDER F.R.C.P. 23
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

### VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____  DOCKET NUMBER _____

DATE: **September 3, 2004**
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____