UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

PHAYSANY KHAKEO,  )
   Plaintiff )
  )
v. ) C.A. 04-11941-RWZ
  )
DENNIS MORIARTY and )
KEVIN SULLIVAN, in their )
individual capacities and )
the CITY OF LOWELL, )
   Defendants )
  )

### DEFENDANT KEVIN SULLIVAN'S ANSWER TO PLAINTIFF'S COMPLAINT AND JURY DEMAND

#### INTRODUCTION

1. Paragraph one of the complaint is introductory. To the extent that it requires a response, the defendant denies the allegations.

#### JURISDICTION

2. Paragraph two of the complaint is a jurisdictional statement requiring no answer.

#### PARTIES

3. The defendant is without sufficient knowledge to admit or deny the allegations of paragraph three of the complaint.

4. The defendant admits at all times relevant to this action, defendant Dennis Moriarty was duly appointed police officer in the Gang Unit of the Lowell Police Department. The defendant denies the existence of a basis for suit in his individual capacity.

5. The defendant admits at all times relevant to this action, defendant Kevin Sullivan was duly appointed police lieutenant in the Gang Unit of the Lowell Police Department and a

supervisory officer to defendant Moriarty. The defendant denies the existence of a basis for suit in his individual capacity.

6. The defendant admits that City of Lowell is a municipal corporation located in Middlesex County, Commonwealth of Massachusetts, an was at all times relevant to this Complaint, the public employer of defendants Moriarty and Sullivan.

## FACTS

7. The defendant is without sufficient knowledge to admit or deny the allegations of paragraph seven of the complaint.

8. The defendant is without sufficient knowledge to admit or deny the allegations of paragraph eight of the complaint.

9. The defendant admits the allegations of paragraph nine of the complaint.

10. The defendant admits that he and Officer Moriarty stopped near 115 Chelmsford Street but denies the remaining allegations of paragraph ten of the complaint.

11. The defendant admits that there were many people outside 115 Chelmsford Street but denies the remaining allegations of paragraph eleven of the complaint.

12. The defendant admits that the individuals were told that there was a gang fight up the street but denies the remaining allegations of paragraph twelve of the complaint.

13. The defendant denies the allegations of paragraph thirteen of the complaint.

14. The defendant admits the plaintiff asked Officer Moriarty his name but denies the remaining allegations of paragraph fourteen of the complaint.

15. The defendant admits officer Moriarty told the plaintiff his name but denies the remaining allegations of paragraph fifteen of the complaint.

16. The defendant denies the allegations of paragraph sixteen of the complaint.

17. The defendant denies the allegations of paragraph seventeen of the complaint.

18. The defendant denies the allegations of paragraph eighteen of the complaint.

19. The defendant denies the allegations of paragraph nineteen of the complaint.

20. The defendant admits the allegations of paragraph twenty of the complaint.

21. The defendant denies the allegations of paragraph twenty-one of the complaint.

22. The defendant denies the allegations of paragraph twenty-two of the complaint.

23. The defendant admits that he was not aware of any warrant for the plaintiff's arrest, but denies the remaining allegations of paragraph twenty-three of the complaint.

24. The defendant admits the allegations of paragraph twenty-four of the complaint.

25. The defendant denies the allegations of paragraph twenty-five of the complaint.

26. The defendant denies the allegations of paragraph twenty-six of the complaint.

## COUNT ONE

### 42 U.S.C. § 1983 Claim Against Defendants Moriarty and Sullivan for the Unreasonable Use of Force

27. The defendant repeats his answers to paragraphs one through twenty-six as if fully set forth herein.

28. The defendant denies the allegations of paragraph twenty-eight of the complaint.

29. The defendant denies the allegations of paragraph twenty-nine of the complaint.

30. The defendant denies the allegations of paragraph thirty of the complaint.

31. The defendant denies the allegations of paragraph thirty-one of the complaint.

32. The defendant denies the allegations of paragraph thirty-two of the complaint.

## COUNT TWO

### 42 U.S.C. § 1983 Claim Against Defendants Moriarty
### For Unlawful Arrest

33. The defendant repeats his answers to paragraphs one through thirty-two as if fully set forth herein.

34. The defendant denies the allegations of paragraph thirty-four of the complaint.

35. The defendant denies the allegations of paragraph thirty-five of the complaint.

36. The defendant denies the allegations of paragraph thirty-six of the complaint.

37. The defendant denies the allegations of paragraph thirty-seven of the complaint.

## COUNT THREE

### 42 U.S.C. § 1983 Claim Against Defendant Moriarty for
### Retaliation in Violation of the First Amendment

38. The defendant repeats his answers to paragraphs one through thirty-seven as if fully set forth herein.

39. The defendant denies the allegations of paragraph thirty-nine of the complaint.

40. The defendant denies the allegations of paragraph forty of the complaint.

41. The defendant denies the allegations of paragraph forty-one of the complaint.

42. The defendant denies the allegations of paragraph forty-two of the complaint.

## COUNT FOUR

### 42 U.S.C. § 1983 Supervisory Liability Against Defendant Sullivan

43. The defendant repeats his answers to paragraphs one through forty-two as if fully set forth herein.

44. The defendant denies the allegations of paragraph forty-four of the complaint.

45. The defendant denies the allegations of paragraph forty-five of the complaint.

46. The defendant denies the allegations of paragraph forty-six of the complaint.

## COUNT FIVE

### 42 U.S.C. § 1983 Monell Claim Against the City of Lowell

47. The defendant repeats his answers to paragraphs one through forty-six as if fully set forth herein.

48. The defendant denies the allegations of paragraph forty-eight of the complaint.

49. The defendant denies the allegations of paragraph forty-nine of the complaint.

50. The defendant denies the allegations of paragraph fifty of the complaint.

51. The defendant denies the allegations of paragraph fifty-one of the complaint.

52. The defendant denies the allegations of paragraph fifty-two of the complaint.

53. The defendant denies the allegations of paragraph fifty-three of the complaint.

## COUNT SIX

### Massachusetts Civil Rights Act, M.G.L. c.12, § 11I, Against Defendants Moriarty and Sullivan

54. The defendant repeats his answers to paragraphs one through fifty-three as if fully set forth herein.

55. The defendant denies the allegations of paragraph fifty-five of the complaint.

56. The defendant denies the allegations of paragraph fifty-six of the complaint.

## COUNT SEVEN

### Tort of Assault & Battery Against Defendant Moriarty

57. The defendant repeats his answers to paragraphs one through fifty-six as if fully set forth herein.

58. The defendant denies the allegations of paragraph fifty-eight of the complaint.

59. The defendant denies the allegations of paragraph fifty-nine of the complaint.

## COUNT EIGHT

### False Imprisonment

60. The defendant repeats his answers to paragraphs one through fifty-nine as if fully set forth herein.

61. The defendant denies the allegations of paragraph sixty-one of the complaint.

62. The defendant denies the allegations of paragraph sixty-two of the complaint.

## COUNT NINE

### Malicious Prosecution

63. The defendant repeats his answers to paragraphs one through sixty-two as if fully set forth herein.

64. The defendant admits the allegations of paragraph sixty-four of the complaint.

65. The defendant denies the allegations of paragraph sixty-five of the complaint.

## COUNT TEN

### Negligence Against the City of Lowell

66. The defendant repeats his answers to paragraphs one through sixty-five as if fully set forth herein.

67. The defendant is without sufficient knowledge to admit or deny the allegations of paragraph sixty-seven of the complaint.

68. The defendant is without sufficient knowledge to admit or deny the allegations of paragraph sixty-eight of the complaint.

69. The defendant is without sufficient knowledge to admit or deny the allegations of paragraph sixty-nine of the complaint.

70. The defendant admits the allegations of paragraph seventy of the complaint.

71. The defendant denies the allegations of paragraph seventy-one of the complaint.

72. The defendant denies the allegations of paragraph seventy-two of the complaint.

73. The defendant denies the allegations of paragraph seventy-three of the complaint.

### First Affirmative Defense

The plaintiff fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

The plaintiff has failed to commence this action within the appropriate statute of limitations.

### Third Affirmative Defense

The defendants' actions were justified.

### Fourth Affirmative Defense

The plaintiff is barred from recovery by collateral estoppel.

### Fifth Affirmative Defense

The defendants acted out of necessity.

### Sixth Affirmative Defense

The defendants acted in good faith and with probable cause.

### Seventh Affirmative Defense

The defendants have qualified immunity.

### Eighth Affirmative Defense

The defendants are immune from suit.

### Ninth Affirmative Defense

Each defendant acted within the scope of his employment and is thus immune from suit.

### Tenth Affirmative Defense

The defendants acted in good faith reliance on legislative or statutory authority.

### Eleventh Affirmative Defense

The alleged injuries were caused in whole or in part by the plaintiff's own negligence so that any recovery should be reduced in proportion to that negligence.

### Twelfth Affirmative Defense

The alleged injuries were caused in whole or in part by the plaintiff's own negligence and that negligence was equal to or greater than that of the defendants so that recovery is barred.

**WHEREFORE** the defendant requests this Honorable Court to enter judgment in his favor and award them their costs.

### THE DEFENDANTS DEMAND A TRIAL BY JURY ON ALL ISSUES.

Kevin Sullivan
By his attorney,

/s/Austin M. Joyce
_____
Austin M. Joyce,
EDWARD P. REARDON, P.C.
397 Grove Street
Worcester, MA 01605
(508) 754-7285
BBO#: 255040

## CERTIFICATE OF SERVICE

I, Austin M. Joyce, hereby certify that I have on this 5th day of October, 2004 mailed a copy of the enclosed Answer of Defendant Kevin Sullivan to Plaintiff's Complaint and Jury Demand via, first class, postage prepaid to:

Howard Friedman, Esq.
Myong J. Joun, Esq.
J. Lezette Richards, Esq.
Law Offices of Howard Friedman, P.C.
90 Canal Street, Fifth Floor
Boston, MA 02114-2202

_____
Austin M. Joyce, Esq.