## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| **PHAYSANH KHAKEO**<br>**Plaintiff** | ) <br> ) <br> ) | **C.A. NO. 04-11941-RWZ** |
| **V.** | ) <br> ) | |
| **DENNIS MORIARTY AND**<br>**KEVIN SULLIVAN,** in their individual capacities,<br>and the **CITY OF LOWELL**<br>**Defendants** | ) <br> ) <br> ) <br> ) | |

## DEFENDANT CITY OF LOWELL'S ANSWER TO PLAINTIFF'S COMPLAINT

Now comes the Defendant, City of Lowell, in the above-entitled action, and for answer says:

## INTRODUCTION

1.    Defendant City admits that a civil action has been brought on behalf of the Plaintiff and that damages are sought, but denies the further allegations contained in this paragraph.

## JURISDICTION

2.    Defendant City states that this paragraph contains statements and conclusions of law to which no response is required.

## PARTIES

3.    Defendant City has insufficient knowledge to either admit or deny the allegations in this Paragraph.

4.    Defendant City admits only so much of this paragraph as alleges that, at all relevant times, the Defendant Moriarty was a duly-appointed police officer of the City of Lowell. Defendant City denies any and all additional allegations of fact contained within this paragraph and calls upon Plaintiff to prove same.

KHAKEO

5.    Defendant City admits only so much of this paragraph as alleges that, at all relevant times, the Defendant Sullivan was a duly-appointed police officer of the City of Lowell. Defendant City denies any and all additional allegations of fact contained within this Paragraph and calls upon Plaintiff to prove same.

6.    Defendant City admits the allegations in this paragraph.

## FACTS

7.    Defendant City has insufficient knowledge to either admit or deny the allegations in this paragraph and calls upon Plaintiff to prove same.

8.    Defendant City has insufficient knowledge to either admit or deny the allegations in this paragraph and calls upon Plaintiff to prove same.

9.    Defendant City admits only so much of this paragraph as alleges that, at approximately 7 p.m., Lowell Police officers Moriarty and Sullivan responded to reports of an incident in the area of Grand Street, Lowell, Massachusetts. Defendant City denies any and all additional allegations of fact contained within this paragraph and calls upon Plaintiff to prove same.

10.    Defendant City denies the allegations in this paragraph and calls upon Plaintiff to prove same.

11.    Defendant City has insufficient knowledge to either admit or deny the allegations in this paragraph and calls upon Plaintiff to prove same.

12.    Defendant City denies the allegations in this paragraph and calls upon Plaintiff to prove same.

13.    Defendant City denies the allegations in this paragraph and calls upon Plaintiff to prove same.

14.  Defendant City denies the allegations in this paragraph and calls upon Plaintiff to prove same.

15.  Defendant City denies the allegations in this paragraph and calls upon Plaintiff to prove same.

16.  Defendant City denies the allegations in this paragraph and calls upon Plaintiff to prove same.

17.  Defendant City denies the allegations in this paragraph and calls upon Plaintiff to prove same.

18.  Defendant City denies the allegations in this paragraph and calls upon Plaintiff to prove same.

19.  Defendant City denies the allegations in this paragraph and calls upon Plaintiff to prove same.

20.  Defendant City admits the allegations in this paragraph.

21.  Defendant City denies the allegations in this paragraph and calls upon Plaintiff to prove same.

22.  Defendant City denies the allegations in this paragraph and calls upon Plaintiff to prove same.

23.  Defendant City denies the allegations in this paragraph and calls upon Plaintiff to prove same.

24.  Defendant City has insufficient knowledge to either admit or deny the allegations in this paragraph and calls upon Plaintiff to prove same.

25.  Defendant City denies the allegations in this paragraph, including sub-parts (a), (b), and (c), and calls upon Plaintiff to prove same.

26.    Defendant City denies the allegations in this paragraph, including sub-parts (a), (b), and (c), and calls upon Plaintiff to prove same.

## FEDERAL CAUSES OF ACTION

**COUNT ONE:**    **42 U.S.C. §1983 Claim Against Defendants Moriarty and Sullivan for the Unreasonable Use of Force**

27.    Defendant City neither admits nor denies the allegations in this paragraph as the allegations are not directed to the City of Lowell.

28.    Defendant City neither admits nor denies the allegations in this paragraph as the allegations are not directed to the City of Lowell.

29.    Defendant City neither admits nor denies the allegations in this paragraph as the allegations are not directed to the City of Lowell.

30.    Defendant City neither admits nor denies the allegations in this paragraph as the allegations are not directed to the City of Lowell.

31.    Defendant City neither admits nor denies the allegations in this paragraph as the allegations are not directed to the City of Lowell.

32.    Defendant City neither admits nor denies the allegations in this paragraph as the allegations are not directed to the City of Lowell.

**COUNT TWO:**    **42 U.S.C. §1983 Claim Against Defendant Moriarty for Unlawful Arrest**

33.    Defendant City neither admits nor denies the allegations in this paragraph as the allegations are not directed to the City of Lowell.

34.    Defendant City neither admits nor denies the allegations in this paragraph as the allegations are not directed to the City of Lowell.

35.     Defendant City neither admits nor denies the allegations in this paragraph as the allegations are not directed to the City of Lowell.

36.     Defendant City neither admits nor denies the allegations in this paragraph as the allegations are not directed to the City of Lowell.

37.     Defendant City neither admits nor denies the allegations in this paragraph as the allegations are not directed to the City of Lowell.

**COUNT THREE:**     **42 U.S.C. §1983 Claim Against Defendant Moriarty for Retaliation in Violation of the First Amendment**

38.     Defendant City neither admits nor denies the allegations in this paragraph as the allegations are not directed to the City of Lowell.

39.     Defendant City neither admits nor denies the allegations in this paragraph as the allegations are not directed to the City of Lowell.

40.     Defendant City neither admits nor denies the allegations in this paragraph as the allegations are not directed to the City of Lowell.

41.     Defendant City neither admits nor denies the allegations in this paragraph as the allegations are not directed to the City of Lowell.

42.     Defendant City neither admits nor denies the allegations in this paragraph as the allegations are not directed to the City of Lowell.

**COUNT FOUR:**     **42 U.S.C. §1983 Supervisory Liability Against Defendant Sullivan**

43.     Defendant City neither admits nor denies the allegations in this paragraph as the allegations are not directed to the City of Lowell.

44.     Defendant City neither admits nor denies the allegations in this paragraph as the allegations are not directed to the City of Lowell.

45.   Defendant City neither admits nor denies the allegations in this paragraph as the allegations are not directed to the City of Lowell.

46.   Defendant City neither admits nor denies the allegations in this paragraph as the allegations are not directed to the City of Lowell.

**COUNT FIVE:**      **42 U.S.C. §1983 _Monell_ Claim Against the City of Lowell**

47.   Defendant City repeats and reaffirms its responses to the allegations set forth in the above Paragraphs and incorporates them by reference as if fully set forth herein.

48.   Defendant City denies the allegations in this paragraph and calls upon Plaintiff to prove same.

49.   Defendant City denies the allegations in this paragraph and calls upon Plaintiff to prove same.

50.   Defendant City denies the allegations in this paragraph and calls upon Plaintiff to prove same.

51.   Defendant City denies the allegations in this paragraph and calls upon Plaintiff to prove same.

52.   Defendant City denies the allegations in this paragraph and calls upon Plaintiff to prove same.

53.   Defendant City denies the allegations in this paragraph and calls upon Plaintiff to prove same.

WHEREFORE the Defendant, City of Lowell, requests that this Honorable Court dismiss Count Five of the Plaintiff's Complaint and award the Defendant, City of Lowell, attorney's fees and other costs incurred in defending this action.

## STATE LAW CAUSES OF ACTION

**COUNT SIX:**       **Massachusetts Civil Rights Act, M.G.L. c.12, §11I, Against Defendants Moriarty and Sullivan**

54.     Defendant City neither admits nor denies the allegations in this paragraph as the allegations are not directed to the City of Lowell.

55.     Defendant City neither admits nor denies the allegations in this paragraph as the allegations are not directed to the City of Lowell.

56.     Defendant City neither admits nor denies the allegations in this paragraph as the allegations are not directed to the City of Lowell.

**COUNT SEVEN:**     **Tort of Assault & Battery Against Defendant Moriarty**

57.     Defendant City neither admits nor denies the allegations in this paragraph as the allegations are not directed to the City of Lowell.

58.     Defendant City neither admits nor denies the allegations in this paragraph as the allegations are not directed to the City of Lowell.

59.     Defendant City neither admits nor denies the allegations in this paragraph as the allegations are not directed to the City of Lowell.

**COUNT EIGHT:**     **False Imprisonment**

60.     Defendant City repeats and reaffirms its responses to the allegations set forth in the above Paragraphs and incorporates them by reference as if fully set forth herein.

61.     Defendant City denies the allegations in this paragraph and calls upon Plaintiff to prove same.

62.     Defendant City denies the allegations in this paragraph and calls upon Plaintiff to prove same.

WHEREFORE the Defendant, City of Lowell, requests that this Honorable Court dismiss Count Eight of the Plaintiff's Complaint and award the Defendant, City of Lowell, attorney's fees and other costs incurred in defending this action.

**COUNT NINE:        Malicious Prosecution**

63.    Defendant City denies the allegations in this paragraph and calls upon Plaintiff to prove same.

64.    Defendant City denies the allegations in this paragraph and calls upon Plaintiff to prove same.

65.    Defendant City denies the allegations in this paragraph and calls upon Plaintiff to prove same.

WHEREFORE the Defendant, City of Lowell, requests that this Honorable Court dismiss Count Nine of the Plaintiff's Complaint and award the Defendant, City of Lowell, attorney's fees and other costs incurred in defending this action.

**COUNT TEN:        Negligence Against the City of Lowell**

66.    Defendant City repeats and reaffirms its responses to the allegations set forth in the above Paragraphs and incorporates them by reference as if fully set forth herein.

67.    Defendant City admits the allegations in this Paragraph.

68.    Defendant City has insufficient knowledge to either admit or deny the allegations in this paragraph and calls upon Plaintiff to prove same.

69.    Defendant City denies the allegations in this paragraph and calls upon Plaintiff to prove same.

70.    Defendant City denies the allegations in this paragraph and calls upon Plaintiff to prove same.

71.     Defendant City denies the allegations in this paragraph, including sub-parts (a), (b), (c), (d) and (e), and calls upon Plaintiff to prove same.

72.     Defendant City denies the allegations in this paragraph, including sub-parts (a), (b), and (c), and calls upon Plaintiff to prove same.

73.     Defendant City denies the allegations in this paragraph and calls upon Plaintiff to prove same.

WHEREFORE the Defendant, City of Lowell, requests that this Honorable Court dismiss Count Ten of the Plaintiff's Complaint and award the Defendant, City of Lowell, attorney's fees and other costs incurred in defending this action.

**Defendant, City of Lowell, Demands Trial by Jury on All Issues so Triable.**

## FIRST AFFIRMATIVE DEFENSE

And further answering, the Defendant, City of Lowell, says that the Plaintiff has failed to state a cause of action upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

And further answering, the Defendant, City of Lowell, says that the alleged cause of the Plaintiff's injuries is one for which the Defendant, City of Lowell, is not legally liable.

## THIRD AFFIRMATIVE DEFENSE

And further answering, the Defendant, City of Lowell, says that due notice of the time, place and cause of injury and damage was not given to the Defendant, City of Lowell, by the Plaintiff in accordance with M.G.L. c.258 and the amendments thereto.

### FOURTH AFFIRMATIVE DEFENSE

And further answering, the Defendant, City of Lowell, says that any damages claimed herein shall be awarded only in accordance with, and in an amount limited by the provisions of, M.G.L. c.258, and the amendments thereto.

### FIFTH AFFIRMATIVE DEFENSE

And further answering, the Defendant, City of Lowell, says that the act or acts or omission of act or acts alleged in the Plaintiff's Complaint to be negligent or wrongful were committed, if at all, by a person for whose conduct the Defendant, City of Lowell, was not legally responsible, and further says that said acts were not arising out of nor in the scope of employment of the Defendant, City of Lowell's employee.

### SIXTH AFFIRMATIVE DEFENSE

And further answering, the Defendant, City of Lowell, denies any negligent or wrongful act of any employee of the Defendant, City of Lowell,, and calls upon the Plaintiff to prove the same.

### SEVENTH AFFIRMATIVE DEFENSE

And further answering, the Defendant, City of Lowell, says that the Plaintiff's cause of action must fail as it was not filed within the requisite statute of limitations.

### EIGHTH AFFIRMATIVE DEFENSE

And further answering, the Defendant, City of Lowell, says that the Plaintiff was not in the exercise of due care and diligence at the time and place of the damage alleged in the Plaintiff's Complaint, and further says that the Plaintiff was guilty of contributory negligence equal to or greater than that of the Defendant, City of Lowell.

## NINTH AFFIRMATIVE DEFENSE

And further answering, the Defendant, City of Lowell, says that any alleged action taken or decision made by the Defendant, City of Lowell, or its public employees which allegedly caused Plaintiff's injuries was purely discretionary in nature as defined under M.G.L. c.258, §10(b).

## TENTH AFFIRMATIVE DEFENSE

And further answering, the Defendant, City of Lowell, says that the alleged negligent act or conduct of the agents, servants, or employees of the Defendant, City of Lowell, was discretionary in nature.

## ELEVENTH AFFIRMATIVE DEFENSE

And further answering, the Defendant, City of Lowell, says that the act or acts or omission of act or acts alleged in the Plaintiff's Complaint to be negligent or wrongful were not arising out of nor in the scope of employment of the Defendant, City of Lowell's employee.

## TWELFTH AFFIRMATIVE DEFENSE

And further answering, the Defendant, City of Lowell, says that any alleged negligence was not the sole cause of the Plaintiff's injury.

## THIRTEENTH AFFIRMATIVE DEFENSE

And further answering, the Defendant, City of Lowell, says that the Plaintiff has failed to state a claim upon which relief can be granted under 42 U.S.C. §1983, because he fails to allege a municipal custom, policy or practice or that any custom, policy or practice of said Defendant, City of Lowell, caused injury to the Plaintiff.

## FOURTEENTH AFFIRMATIVE DEFENSE

And further answering, the Defendant, City of Lowell, says that the Plaintiff has failed to state a claim under M.G.L. c.12, §11I, because he fails to allege a deprivation of constitutional rights by threats, intimidation or coercion by said Defendant, City of Lowell.

## FIFTEENTH AFFIRMATIVE DEFENSE

And further answering, the Defendant, City of Lowell, says that it has not violated a well-established constitutional right of the Plaintiff.

## SIXTEENTH AFFIRMATIVE DEFENSE

And further answering, the Defendant, City of Lowell, says that the Plaintiff's action is barred by the relevant statute of limitations.

## SEVENTEENTH AFFIRMATIVE DEFENSE

And further answering, the Defendant, City of Lowell, says that the Plaintiff has failed to state causes of action which rise to the level of constitutional violations.

## EIGHTEENTH AFFIRMATIVE DEFENSE

And further answering, the Defendant, City of Lowell, says that it is immune from liability based on respondeat superior as alleged under 42 U.S.C. §1983 and M.G.L. c.12 §§11H and 11I.

## NINETEENTH AFFIRMATIVE DEFENSE

And further answering, the Defendant, City of Lowell, says that Plaintiff's Complaint fails to state a claim under M.G.L. c.12 §§11H and 11I in that the alleged failure to supervise, train and discipline does not amount to force, intimidation or coercion and the City therefore cannot be held liable under the Massachusetts Civil Rights Act.

## TWENTIETH AFFIRMATIVE DEFENSE

And further answering, the Defendant, City of Lowell, says that it is not liable for the intentional torts alleged in Plaintiff's Complaint under M.G.L. c.258.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

And further answering, the Defendant City of Lowell says that it is immune from any claims of negligence alleged in the Complaint under M.G.L. c.258 §§2 and 10.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

And further answering, the Defendant, City of Lowell, says that the police officers named in Plaintiff's Complaint were not acting under color of law and therefore the Defendant, City of Lowell, is not liable to any Plaintiff for any act or acts alleged in the Complaint.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

And further answering, the Defendant, City of Lowell, says that it is immune from liability for punitive damages under City of Newport v. Fact Concerts, Inc., 453 U.S. 247 (1981), and said damages may not be assessed against the City of Lowell.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

And further answering, the Defendant, City of Lowell, not being a person, says that it is immune from liability under M.G.L. c.12, §§11H and 11I.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

And further answering, the Defendant, City of Lowell, says that due notice of the time, place and cause of injury and damage was not given to the Defendant, City of Lowell, by the Plaintiff n accordance with M.G.L. c.258 §4.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

And further answering, the Defendant, City of Lowell, says that the Plaintiff is not entitled to prejudgment interest as a matter of right under 42 U.S.C. §1983 or M.G.L. c.12 §§11H and 11I.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

And further answering, the Defendant, City of Lowell, not being a person, is not capable of committing acts of conspiracy.

October 6, 2004                                    CITY OF LOWELL, DEFENDANT

*Maria Sheehy /cpo*
Maria Sheehy, Assistant City Solicitor
BBO #560102
City of Lowell Law Department
375 Merrimack Street, 3rd Fl.
Lowell MA 01852-5909
(978) 970-4050
FAX (978) 453-1510

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing document was served on Howard Friedman, Esq., Law Offices Howard Friedman PC, 90 Canal Street, 5th Fl., Boston MA 02114-2022, via first-class mail, on October 6, 2004.

*Maria Sheehy /cpo*
Maria Sheehy Assistant City Solicitor