UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PHAYSANH KHAKEO,<br>Plaintiff,<br><br>v.<br><br>DENNIS MORIARTY and<br>KEVIN SULLIVAN, in their<br>individual capacities and<br>the CITY OF LOWELL,<br>Defendants. | C.A. 04-11941-RWZ |

### DEFENDANT KEVIN SULLIVAN'S MOTION FOR SUMMARY JUDGMENT AND REQUEST FOR A HEARING

Now comes Defendant Kevin Sullivan (hereinafter, and throughout these summary judgment materials, referred to as "Sullivan"), by and through his undersigned counsel and pursuant to Rule 56 of the Federal Rules of Civil Procedure, and moves this Honorable Court to enter summary judgment in his favor. As grounds for this request, Sullivan states that there is no genuine dispute over any material fact with respect to the remaining claims against him and the summary judgment record "fails to yield a trialworthy issue"; *Martinez v. Colon*, 54 F.3d 980, 983-84 (1st Cir. 1995); rendering summary disposition in favor of Sullivan appropriate and necessary.

### PROCEDURAL BACKGROUND

On or about September 3, 2004, the Plaintiff filed a ten count Complaint against the Defendant City of Lowell, as well as Sullivan and Defendant Dennis Moriarty, both members of the Lowell Police Department. As the operative portions of the Complaint now pertain to

Sullivan,[1] the Plaintiff claims that Sullivan: (1) failed to intervene to halt Moriarty's alleged use of unreasonable force upon the Plaintiff, thereby rendering Sullivan liable, pursuant to 42 U.S.C. § 1983, for the deprivation of the Plaintiff's constitutional right to remain free from such unreasonable use of force by government actors (Count I); (2) failed to supervise Moriarty adequately, to the detriment of certain of the Plaintiff's constitutional rights,[2] a claim also advanced by means of § 1983 (Count IV); and, (3) violated certain of the Plaintiff's rights through threats, intimidation or coercion, in violation of M.G.L. ch. 12, § 11I (Count VI).[3] Following the discovery phase of this litigation, Sullivan respectfully requests that, upon consideration of the summary judgment record as appended hereto, judgment as a matter of law be entered in his favor as to each of these counts.

## SUMMARY ARGUMENT

By way of summary argument, Sullivan states the following:

Count I of the operative Complaint alleges that Sullivan failed to intervene in the purported unreasonable use of force perpetrated on the Plaintiff by Defendant Dennis Moriarty

---

[1] In carrying out their respective LR, D.Mass. 7.1 obligations prior to this request for summary judgment, counsel for the Plaintiff and Sullivan have agreed to jettison certain claims advanced against Sullivan in the Complaint, namely, the Plaintiff's state law claims of false imprisonment (Count VIII) and malicious prosecution (Count IX). *See* Docket No. 20.

[2] Specifically, the Plaintiff alleges that Sullivan's failure to supervise adequately amounted to his tacit acquiescence in, condonation of, or encouragement of Moriarty's purported unreasonable use of force, Moriarty's unlawful arrest of the Plaintiff and Moriarty's retaliation against the Plaintiff based upon the Plaintiff's exercise of his First Amendment freedoms. (Compl. ¶ 44.)

[3] The Complaint also contains a number of federal and state claims against the municipal Defendant and Moriarty. *See* Counts I, II, III, V, VI, VII, VIII, IX and X. As such claims are not advanced against Sullivan individually, they are not at issue with respect to the instant request for summary judgment.

(hereinafter, and throughout these summary judgment materials, referred to as "Moriarty"), thereby rendering Sullivan liable pursuant to 42 U.S.C. § 1983. (Compl. ¶¶ 27-32.) Summary judgment in favor of Sullivan is appropriate because, after establishing the appropriate constitutional lens by which to evaluate the Plaintiff's claim (Mem. of Law, pp. 1-7), the record reveals that: (1) Sullivan witnessed only a brief vignette of the physical confrontation between Moriarty and the Plaintiff, consisting of observations of Moriarty and the Plaintiff mutually engaged in hand-to-hand combat and, because Sullivan was reasonably unaware of critical facts relating to the commencement of this confrontation and his opportunity to observe further events was foreclosed by a battery committed on Sullivan's own person by a third party, liability for failure to intervene may not attach as a matter of law (Mem. of Law, pp. 7-10); (2) the spatial, temporal and intervening circumstances existing at the time of the alleged failure to intervene barred any realistic opportunity for Sullivan to intercede, thereby precluding any potential liability on the part of Sullivan as a matter of law (Mem. of Law, pp.10-13); (3) Sullivan is shielded from individual liability by the doctrine of qualified immunity because (a) the Plaintiff has failed to allege adequately the deprivation of a constitutional right for which Sullivan may be found liable; (b) the contours of the constitutional right invoked by the Plaintiff were not defined sufficiently at the relevant time, precluding liability for Sullivan; and, (c) given the circumstances existing at the time of the challenged conduct, it would not have been clear to a reasonable official in Sullivan's position that his conduct was improper. (Mem. of Law, pp. 14-21.)

Count IV of the Complaint alleges that Sullivan failed to supervise Moriarty adequately, thereby tacitly acquiescing in, condoning or encouraging Moriarty's alleged constitutional misconduct, and rendering Sullivan liable pursuant to § 1983. (Compl. ¶¶ 43-46.) Summary

judgment in favor of Sullivan is proper insofar as this Count is factually and legally derivative of the Plaintiff's § 1983 failure to intervene claim, and consequently fails for the same reasons advanced as to that Count, including Sullivan's invocation of qualified immunity from suit. (Mem. of Law, pp. 21-23.) Moreover, with regard to the proper standard by which to evaluate such a supervisory liability claim, the summary judgment record reveals no conceivable rational basis sufficient to sustain an allegation that Sullivan was deliberately or recklessly indifferent to the Plaintiff's claimed deprivation of certain constitutional rights. (Mem. of Law, pp. 22-23.)

Count VI of the Complaint alleges that Sullivan acted, or failed to act, so as to violate the Plaintiff's rights by means of threats, intimidation or coercion, in violation of M.G.L. ch. 12, § 11I. (Compl. ¶¶ 54-56.) Again, summary judgment in favor of Sullivan is appropriate because this Count is factually derivative of the Plaintiff's § 1983 failure to intervene claim, and, accordingly, fails for the same reasons advanced as to that Count. (Mem. of Law, pp. 23-25.) In addition, summary judgment is proper as to this Count because there are no facts contained within the summary judgment record that would tend to support an allegation that Sullivan's alleged actions or omissions constitute "threats, intimidation or coercion," and the Plaintiff therefore has failed to adduce sufficient evidence of an essential element of this Count. (Mem. of Law, pp. 24-25.) Finally, qualified immunity operates so as to preclude individual liability for Sullivan as to this Count, rendering summary disposition appropriate and necessary. (Mem. of Law, pp. 23.)

In further support of this Motion for Summary Judgment, Sullivan refers this Court to the attached Statement of Undisputed Material Facts Submitted in Compliance with LR, D.Mass. 56.1, his Memorandum of Law in Support of his Motion for Summary Judgment, as well as the

following exhibits constituting the summary judgment record:

Exhibit A: Affidavit of Kevin Sullivan;

Exhibit B: Portions of the Deposition of Defendant Dennis Moriarty;

Exhibit C: Portions of the Deposition of the Plaintiff, Phaysanh Khakeo;

Exhibit D: Portions of the Deposition of Somphet Khakeo.

Sullivan further respectfully requests that this Court schedule a hearing with respect to this Motion for Summary Judgment.

> Kevin Sullivan
> By his attorneys,
>
> /s/Andrew J. Gambaccini
> Austin M. Joyce
> BBO # 255040
> Andrew J. Gambaccini
> BBO # 654690
> Reardon, Joyce & Akerson, P.C.
> 397 Grove Street
> Worcester, MA 01605
> (508) 754-7285